MARÍA LUISA GUZMÁN VEGA, Plaintiff and Appellee, *v.* JUAN PIÑERO PIÑERO, Defendant and Appellant.

No. AP-64-15.      Decided January 27, 1965.

--------

*Santos P. Amadeo* for appellant. *Edna Abruña Rodríguez* and *Víctor Tirado Saltares,* counsel of Legal Aid Society, for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA. delivered the opinion of the Court.

On July 5, 1963 the Superior Court, Humacao Part, rendered judgment ordering appellant Juan Piñero Piñero to pay for the support of his two-year-old son Juan Manuel Piñero Guzmán the amount of $8 weekly to be deposited every Monday at the office of the court clerk. Appellant did not comply with the court order. On August 30, 1963, the child's mother reported the facts to the trial court and requested the court to summon appellant to show cause why he should not be punished for contempt. On September 4, 1963 the court issued the following order: .

"In view of the motion for contempt filed by plaintiff in the above-entitled case of August 30, 1963, this court orders that, free of charge, a summons be served on defendant, resident of Collores ward, Humacao, P.R., to appear at a hearing to be held September 27, 1963 at 9:00 a.m. to show cause why he should not be condemned for contempt; being warned that if he fails to appear at the time and day required, judgment will be entered against him without further summoning or hearing."

A hearing was held at which appellant appeared in his own right and assisted by counsel and after evidence was introduced, the Humacao Part entered judgment finding appellant guilty of contempt and sentencing him to fifty (50) days in jail to be transferred to the district jail to serve the term specified in the sentence.

In this appeal appellant maintains that according to the record this was a civil-contempt proceeding, and that it was an error to sentence him as if it were a criminal contempt. He requests the reversal of judgment and invokes the opinion in *Pérez* v. *Espinosa*, 75 P.R.R. 732 (1954). The other party agrees to the reversal of judgment because the same does not lie at law in a civil-contempt proceeding and requests that the appropriate one be entered. Both parties agree, in the light of the *Espinosa* case, that the facts in the record show that only a civil contempt was committed, inasmuch as private interests were claimed.

■ In view of the fact that these situations are most frequently repeated within the sphere of nonfulfillment of the obligation of the fathers to support their children imposed by sentences of the court, it is convenient to clarify the concept. *Pérez* v. *Espinosa*, duly construed, does not require that disobediences as those shown in the record be treated and punished only as civil contempt. These disobediences to the orders of a court may also constitute criminal contempt and be punished as such.

■ It has been stated that punishment in criminal contempt, to distinguish it from civil contempt, has the purpose of vindicating the dignity and authority of the courts. But as happens in any legal generalization, when it comes to specific facts it is not always as easy to determine when the authority and dignity of the court are and when they are not involved in the contemptuous disobedience to its orders. At least, it cannot be stated that a litigation like

the one at bar is merely of private interests. The State and its courts of justice insofar as they speak for the State, and in their role of *parens patriae*, have a deep public and social interest that their orders for the support of minors be complied with. In the protection of that public interest, courts should not lack authority to punish for criminal contempt the obstinacy to obey.

■■ *Pérez* v. *Espinosa* does require that the court, if it is to treat the case as a criminal contempt, follow certain standards which having being clearly stated therein, we need not repeat here. An examination of the record shows that those standards were not followed here, if the court sought to dispose of this case as one of criminal contempt with the proper punishment.

The facts in the record support the conviction. The judgment of conviction will be set aside and the case remanded to the trial court so that it will either: (1) sentence appellant as it is fitting in a civil contempt, with such measures as, in its sound discretion it may consider necessary for the fulfillment of its order; or (2) if it should insist in disposing of the issue as a criminal contempt, to hold a new hearing after summoning appellant and warning him that he may be punished criminally if convicted, and exercise such rights and defenses appropriate in a criminal action.

Judgment will be entered in conformance with the terms stated above.